IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                              Case No. 02-mc-105

CHARLOTTE TURNER WILLIAMS,

        Defendant,

  and

KANSAS MEDICAL ASSISTANCE PROGRAM,

        Garnishee.

ORDER

The government has moved for garnishment, and defendant has filed a motion for hearing (Dkt. No. 38). The government has responded with objections to the motion for hearing. The government properly notes that hearings under 28 U.S.C. § 3202 are very limited in nature – the only issues are whether some of the property is subject to an exemption, or whether the statutory requirements have been followed. While the statute itself states the court "shall hold a hearing on such motion as soon as practicable," the requirement does not appear to be absolute. As one court observed:

> The district court did not err in denying the request for a hearing because a hearing was unnecessary. A district court may enter judgment as a matter of law based on the pleadings. Fed.R.Civ.P. 12(c). A hearing under the FDCPA is limited to the determination of whether the property is subject to a valid claim of exemption, whether the government complied with the statutory requirements for the issuance of a writ, and, if the judgment was by default, whether there exists good cause for setting aside the judgment. 28 U.S.C. § 3202(d). Here,

> the district court found that Furkin had not filed a valid claim of exemption, and he did not challenge the government's compliance with the statutory requirements. Therefore, the district court properly entered judgment on the pleadings as a matter of law.

U.S.A. v. Furkin, No. 97-3351, 1998 WL 846873, at *3 (7th Cir. Nov. 24, 1998).

The defendant returned the first two pages of the Instructions to Debtor with a check mark on the line "I request a hearing...." Defendant did not return the remainder of the form which sets forth worksheets for exemptions under Kansas and federal law.

IT IS SO ORDERED this 5th day of April, 2010, that defendant's request for hearing is denied due to the absence of any specific claim of exemption or lack of compliance with statutory requirements.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE